IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCEYE, INC.,

    Plaintiff,

v.                                                        Civ. No. 1:19-cv-01001-MV-JHR

IF P&C INSURANCE COMPANY, LTD.,

    Defendant.

## ORDER GRANTING IF P&C INSURANCE COMPANY, LTD'S MOTION TO MODIFY CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

THIS MATTER comes before the Court on Defendant If P&C Insurance Company, Ltd.'s Motion to Modify Case Management Deadlines and Discovery Parameters [Doc. 70], filed May 5, 2021. Having thoroughly reviewed the parties' submission and the relevant law, the Court grants the motion.

### I.    BACKGROUND

Sceye, Inc. filed a complaint on Oct. 25, 2019. [Doc. 1]. The Court held a Rule 16 Initial Scheduling Conference on April 8, 2020 and issued a scheduling order on the same day. [Docs. 21, 22]. Sceye filed an amended complaint on April 30, 2020. [Doc. 26]. Since April 8, 2020, the parties have jointly requested four extensions of discovery schedule and related deadlines. [*See* Docs. 33, 46, 56, 59]. The most recent joint request was filed on March 19, 2021 and was granted on the same day. [Docs. 59, 65]. As the basis for the March 19, 2021 request, the parties stated that "during the process of scheduling the depositions, the parties became aware of certain restrictions on taking depositions, even on a voluntary basis, in three of the countries where witnesses reside -- Switzerland, Denmark and India," and that "[d]epositions have been scheduled or will be

scheduled shortly for all of the witness noticed by the parties, except for the deposition of Nicholas Schornez." [Doc. 59, pp. 2-3; *see* Doc. 59, p. 3, n. 1]. The Court granted this request, extending the discovery deadline to April 30, 2021 and the pretrial motions deadline to May 14, 2021. [Doc. 65, p. 1].

On May 5, 2021, If filed a motion to modify case management deadlines currently before the Court asking the Court to extend the pretrial motions deadline from May 14, 2021 to June 4, 2021. [Doc. 70, p. 5]. Considering the May 14, 2021 deadline, the Court ordered expedited briefing. [Doc. 71].

If's motion presents two arguments for extension. [Doc. 70]. First, If alleges that it requires additional time to identify portions of the deposition testimonies that were obtained on April 27, April 29, and April 30, in preparation for a motion for summary judgment. [Doc. 70, p. 4]. Second, If alleges that because Danish law is applicable to the interpretation of the insurance policy, it intends to submit a declaration by its Danish counsel who need three additional weeks of preparation because they have two trials prior to May 14, 2021. [*Id.*].

Sceye responded on May 11, 2021. [Doc. 72]. Regarding the Danish counsel's unavailability argument, Sceye argues that If's Danish counsel should be considered an expert under Rule 26(a)(2) and should have been disclosed by the expert disclosure deadline but was not. [*See Id.*, p. 4]. Because If did not disclose the Danish counsel before the deadline, Sceye argues that their declaration is improper and cannot be the basis for an extension. [*See id.*, p. 5].

If replied on May 12, 2021, noting that "Sceye does not contest that the trial schedule of Danish counsel retained by If would constitute a legitimate ground[] for the three[-]week extension" but for the passage of the expert disclosure deadline. [Doc. 73, p. 4]. If argues that the

standard expert disclosure deadline does not govern because the declaration of Danish counsel is furnished solely to assist the Court to determine Danish law under Rule 44.1 rather than Rule 26(a)(2). [Doc. 73, pp. 6-7].

## II. LEGAL STANDARD

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 548 (D.N.M. 2011). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted). Good cause for modification is a lesser standard than "manifest injustice" or "substantial hardship". *See* 1983 Advisory Committee Note, Fed. R. Civ. P. 16(b).

## III. ANALYSIS

Here, the Court finds If's request based on Danish counsel's unavailability persuasive and dispositive, and therefore, grants the motion on this basis.

The Court granted the parties' previous joint motion for extension in part because this case involves foreign witnesses. [*See* Doc. 59, pp. 2-3]. A Danish insurance policy is at the heart of this case. [*See e.g.*, Doc. 73, p. 5]. Given the complexity of the case and the incremental expansion of previous deadlines as circumstances required, the Court finds that movant has been reasonably diligent in attempting to complete discovery. Assuming that the presiding judge neither speaks Danish nor is familiar with Danish insurance law that provides standards and context for policy interpretation, Danish counsel's materials may be helpful and even crucial during the pretrial motions phase to come. Furthermore, because the declaration of Danish counsel is to be provided

3

as a resource to assist the Court in determining foreign for the purpose of deciding a motion for summary judgment, Rule 44.1 applies instead of Rule 26(a)(2). *See Universal Trading & Investment Co. v. Kiritchenko*, No. C-99-03073 MMC (EDL), 2007 WL 2141296, at *4 (N.D. Cal July 25, 2007). The disclosure requirements of Rule 26(a)(2) do not apply to this declaration. *See id.*; *see also BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3, 9 (D.D.C. 1999).

The only deadlines affected by this order are the pretrial motions deadline and preparation of the pretrial order, which in any event will not begin until pretrial motions are resolved. [*See* Doc. 70, p. 5]. Neither trial nor any other pretrial hearings are scheduled at this time. Sceye does not demonstrate any prejudice that would result from the three-week extension. Considering the temporary unavailability of the Danish Counsel, and the fact that the request is only for three weeks, the Court finds granting a three-week extension appropriate.[1]

## IV. CONCLUSION

For the above reasons, the Court hereby

1) **grants** If's Motion to Modify Case Management Deadlines and Discovery Parameters [Doc. 70];

2) **extends** the following deadlines as indicated:

   - pretrial motions other than discovery motions: June 4, 2021
   - Proposed Pretrial Order:
     - From Plaintiff to Defendant:
       - If no pretrial motions: June 18, 2021
       - Otherwise: 14 days after resolution of all such pretrial motions
     - From Defendant to the Court: 14 days after service of proposed pretrial order by Plaintiff.

---

[1] Because the Court grants If a three-week extension based on its Danish counsel's unavailability, the Court does not reach the additional argument advanced in support of the motion.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE